# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-1332**

**September Term, 2024**
FILED ON: DECEMBER 26, 2024

ADVANZEON SOLUTIONS, INC.,
          PETITIONER

v.

SECURITIES AND EXCHANGE COMMISSION,
          RESPONDENT

---

On Petition for Review of an Order
of the Securities and Exchange Commission

---

Before: SRINIVASAN, *Chief Judge*, PILLARD and WILKINS, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the Securities and Exchange Commission (SEC) and on the briefs of the parties. *See* D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DENIED.**

Petitioner Advanzeon Solutions, Inc., challenges the SEC's decision to revoke the registration of all classes of its securities. In 1999, Advanzeon registered its securities under the Securities Exchange Act of 1934 (Exchange Act), triggering its obligation under the Act to file quarterly and annual financial reports. *See* 15 U.S.C. § 78m(a); 17 C.F.R. §§ 240.13a-1, 240.13a-13. Advanzeon filed its required reports for the periods through the third quarter of 2020. It has not filed any reports for subsequent periods.

In October 2023—by which time Advanzeon had failed to file a total of eleven required reports over a period of three years—the Commission revoked Advanzeon's registration under Exchange Act section 12(j). That provision authorizes the Commission to revoke the registration of any security if the Commission finds that "the issuer[] of such security has failed to comply" with any Exchange Act provision, rule, or regulation, and the revocation is "necessary or appropriate for the protection of investors." 15 U.S.C. § 78l(j). To determine that revocation of Advanzeon's registrations was "necessary or appropriate for the protection of investors," the

Commission applied the five-factor test laid out in *Gateway International Holdings, Inc.*, which considers:

> [i] the seriousness of the issuer's violations, [ii] the isolated or recurrent nature of the violations, [iii] the degree of culpability involved, [iv] the extent of the issuer's efforts to remedy its past violations and ensure future compliance, and [v] the credibility of its assurances, if any, against further violations.

Exchange Act Release No. 53907, 2006 WL 1506286, at *4 (May 31, 2006). The Commission found that all of the *Gateway* factors weighed in favor of revoking Advanzeon's registrations and issued an order effecting that revocation. J.A. 140, 147.

Advanzeon acknowledges that it violated its Exchange Act reporting obligations but argues that, in light of the business and financial difficulties inflicted on it by the Covid-19 pandemic and various other external causes, the Commission acted arbitrarily and capriciously in finding that Advanzeon's reporting violations supported revocation under the *Gateway* test. That argument is unpersuasive.

Advanzeon makes a cursory suggestion that its violations were only "isolated," rather than recurrent, but Advanzeon forfeited that potential argument that the second *Gateway* factor weighs in its favor by failing to clearly articulate it. *See Iowaska Church of Healing v. Werfel*, 105 F.4th 402, 414 (D.C. Cir. 2024) ("A party forfeits an argument by mentioning it only in the most skeletal way . . . .") (internal quotation marks omitted). Advanzeon's characterization is also entirely unfounded in light of its failure to file eleven required reports over a period of three years.

Advanzeon principally argues that the Commission should not have viewed it as "culpable" for its reporting delinquencies under the third *Gateway* factor because its reporting violations were caused by factors outside of Advanzeon's control—namely, financial hardships imposed by the Covid-19 pandemic, multiple accounting firms' failures to follow through on promises to assist Advanzeon with its filings, and being in the midst of Chapter 11 bankruptcy proceedings. That argument falls far short of demonstrating that the Commission's determination was arbitrary or capricious. The Commission reasoned that Advanzeon's violations "reflect a high degree of culpability" because it was "aware of the delinquencies and the importance of filing the company's periodic reports" but nonetheless failed to do so over an extended period. J.A. 141-42. The Commission further explained that financial and other business difficulties, whether caused by the pandemic or not, "do not excuse an issuer's failure to file periodic reports because such challenges are precisely the kind of material information that would have been significant to both current and potential investors in evaluating whether they wanted to buy, sell or hold [the issuer's] securities." J.A. 142 (internal quotation marks omitted). That determination was entirely reasonable and well within the Commission's wide discretion to set standards for compliance with Exchange Act requirements. *See, e.g., Siegel v. SEC*, 592 F.3d 147, 155 (D.C. Cir. 2010) (noting that the Commission's "conclusions regarding sanctions" are "peculiarly a matter for administrative competence" that this court will reverse "only if the remedy chosen is unwarranted in law or is without justification in fact") (internal quotation marks omitted).

Advanzeon also maintains that, in failing to treat Advanzeon's Covid-induced deficiencies more leniently than it did, the Commission violated the "spirit" of its own March 2020 order, which granted a 45-day extension for periodic reports due by July 1, 2020. That argument is both forfeited and meritless. It is forfeited because Advanzeon failed to raise it before the Commission. *See Doe v. SEC*, 28 F.4th 1306, 1316 (D.C. Cir. 2022). And it is meritless because granting a 45-day extension in acknowledgement of pandemic-related challenges in March 2020 is not "inconsistent" with requiring Advanzeon to file timely periodic reports during the ensuing three years. That is especially so given that the order allowed only a 45-day extension, and by the time of the revocation order, Advanzeon had failed to file its most overdue report for almost three years.

Advanzeon's argument that the Commission should have given it more credit for "doing its best" to remediate its past delinquencies by filing for bankruptcy and hiring a new accounting firm fares no better. The Commission relied on substantial and undisputed evidence in determining that Advanzeon's remedial efforts were insufficient to call for a milder sanction than revocation. That evidence included Advanzeon's failure to remedy any of its previously delinquent filings and its repeated failures to follow through on promises to file reports as to which it remained delinquent. In light of these serious failures, nothing suggests that the Commission exceeded the bounds of its discretion in sanctioning Advanzeon by revoking its registration. Indeed, the Commission has sanctioned issuers with revocation even though, unlike Advanzeon, they remedied their delinquent filings once proceedings were initiated. *See, e.g.*, *Absolute Potential, Inc.*, Exchange Act Release No. 71866, 2014 WL 1338256, at *6–7 (Apr. 4, 2014).

For the foregoing reasons, we deny Advanzeon's petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

3